**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| GRAPHICS PROPERTIES HOLDINGS, INC., | ) | |
| | ) | CIVIL ACTION NO. |
| Plaintiff, | ) | |
| v. | ) | |
| APPLE INC. | ) | JURY TRIAL DEMANDED |
| Defendant. | ) | |

**COMPLAINT FOR PATENT INFRINGEMENT**

1. Plaintiff Graphics Properties Holdings, Inc. ("GPH" or "Plaintiff"), by and through its attorneys, hereby demands a jury trial and complains of Defendant Apple Inc. ("Defendant") as follows:

**NATURE OF THE ACTION**

2. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271, *et seq.,* to enjoin infringement and obtain damages resulting from Defendant's unauthorized manufacture, use, sale, offer to sell and/or importation into the United States for subsequent use or sale of products, methods, processes, services and/or systems that infringe one or more claims of United States Patent No. 6,650,327 (the "'327 Patent") (attached as Exhibit A) entitled "Display System Having Floating Point Rasterization and Floating Point Framebuffereing," United States Patent No. 6,816,145 (the "'145 Patent") (attached as Exhibit B) entitled "Large Area Wide Aspect Ratio Flat Panel Display Having High Resolution For High Information Content Display," and United States Patent No. 5,717,881 (the "881 Patent") (attached as Exhibit C) entitled "Data Processing System for Processing One and Two Parcel Instructions." Plaintiff seeks

injunctive relief to prevent Defendant from continuing to infringe Plaintiff's patents. In addition, Plaintiff seeks a recovery of monetary damages resulting from Defendant's past infringement of these patents.

3. This action for patent infringement involves Defendant manufacture, use, sale, offer for sale, and/or importation into the United States of infringing products, methods, processes, services and systems that are primarily used or primarily adapted for use in consumer electronics and display devices, including but not limited to Defendant's mobile phones, telecommunication devices, and other consumer electronics and display devices.

**THE PARTIES**

4. Plaintiff GPH is a Delaware corporation with its principal place of business at 56 Harrison Street, Suite 305C, New Rochelle, New York 10801.

5. Plaintiff GPH is the lawful assignee of all right, title and interest in and to the '327, '145 and '881 Patents (collectively, the "Asserted Patents").

6. GPH was formerly named Silicon Graphics, Inc. As Silicon Graphics, GPH developed technology and intellectual property used in the graphics, computer processing, and display segments. GPH is owned by private investment funds and other institutional investors, following the bankruptcy of Silicon Graphics.

7. GPH continues to manage and license its intellectual property, including the '327 Patent, the '145 Patent, and the '881 Patent.

8. Defendant Apple Inc. is a California corporation headquartered at 1 Infinite loop, Cupertino, California 95014.

9. Apple Inc. is in the business of making, offering for sale, selling, and supporting a variety of consumer electronics and display devices and products containing

same that are imported into the United States including, but not limited to, handheld computers, tablets, cellular telephones, and other consumer electronics and display devices and products containing same.

10. Plaintiff has been irreparably harmed by the Defendant's infringements of its valuable patent rights. Moreover, Defendant's unauthorized and infringing uses of Plaintiff's patented systems and methods have threatened the value of this intellectual property because Defendant's conduct results in Plaintiff's loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and/or importing the patented inventions.

11. Defendant's disregard for Plaintiff's property rights threatens Plaintiff's relationships with existing licensees and potential licensees of Plaintiff's consumer electronics and display device patents. The Defendant will derive a competitive advantage over any of Plaintiff's existing licensees and future licensees from using Plaintiff's patented technology without paying compensation for such use. Accordingly, unless and until the Defendant's continued acts of infringement are enjoined, Plaintiff will suffer further irreparable harm for which there is no adequate remedy at law.

**JURISDICTION AND VENUE**

12. This Court has jurisdiction over the subject matter of this patent infringement action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

13. Defendant is subject to personal jurisdiction in the State of Delaware because it regularly transacts business in this judicial district and division by, among other things, offering its products and services to customers, business affiliates and partners located in this judicial district. In addition, the Defendant has committed acts of direct infringement

of one or more of the claims of one or more of the Asserted Patents in this judicial district.

14. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b) because the Defendant is subject to personal jurisdiction in this district, and has committed acts of infringement in this district.

**COUNT I**
**(Infringement of United States Patent No. 6,650,327)**

15. Paragraphs 1 through 14 are incorporated by reference as if fully restated herein.

16. Plaintiff GPH is the assignee and lawful owner of all right, title and interest in and to the ’327 Patent.

17. Defendant makes, uses, sells, offers to sell and/or imports into the United States for subsequent sale or use products, services, methods or processes that infringe, directly and/or indirectly, or which employ systems, components and/or steps that make use of systems or processes that infringe, directly and/or indirectly, one or more of the claims of the ’327 Patent. Such devices are handheld computers, tablets, cellular telephones, and other consumer electronics and display devices and products containing same, including but not limited to Defendant’s iPhone device and other substantially similar devices.

18. The Defendant has been and continues infringing one or more of the claims of the ’327 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court. Defendant’s wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions.

19. Plaintiff is entitled to recover damages adequate to compensate for the infringement.

**COUNT II**
**(Infringement of United States Patent No. 6,816,145)**

20. Paragraphs 1 through 19 are incorporated by reference as if fully restated herein.

21. Plaintiff GPH is the assignee and lawful owner of all right, title and interest in and to the '145 Patent.

22. Defendant makes, uses, sells, offers to sell and/or imports into the United States for subsequent sale or use products, services, methods or processes that infringe, directly and/or indirectly, or which employ systems, components and/or steps that make use of systems or processes that infringe, directly and/or indirectly, one or more of the claims of the '145 Patent. Such devices include handheld computers, tablets, cellular telephones, and other consumer electronics and display devices and products containing same, such as, but not limited to Defendant's iPad device and substantially similar devices.

23. The Defendant has been and continues infringing one or more of the claims of the '145 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court. The Defendant's wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions.

24. Plaintiff is entitled to recover damages adequate to compensate for the infringement.

**COUNT III**
**(Infringement of United States Patent No. 5,717,881)**

25. Paragraphs 1 through 24 are incorporated by reference as if fully restated herein.

26. Plaintiff GPH is the assignee and lawful owner of all right, title and interest in and to the '881 Patent.

27. Defendant makes, uses, sells, offers to sell and/or imports into the United States for subsequent sale or use products, services, methods or processes that infringe, directly and/or indirectly, or which employ systems, components and/or steps that make use of systems or processes that infringe, directly and/or indirectly, one or more of the claims of the '881 Patent. Such devices are consumer electronics and display devices and products containing same, including but not limited to handheld computers, tablets, cellular telephones, and other consumer electronics and display devices and products containing same, such as, but not limited to Defendant's iPhone device and substantially similar devices.

28. The Defendant has been and continues infringing one or more of the claims of the '881 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court. The Defendant's wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions.

29. Plaintiff is entitled to recover damages adequate to compensate for the infringement.

**WHEREFORE**, Plaintiff prays for judgment against the Defendant, granting Plaintiff the following relief:

A. That this Court adjudge and decree that the '327 Patent is valid and enforceable against the Defendant, that the '145 Patent is valid and enforceable against the Defendant, and that the '881 Patent is valid and enforceable against the Defendant;

B. That this Court adjudge and decree that the Defendant have infringed

the ’327 Patent, the ‘145 Patent, and the ‘881 Patent;

C. That this Court permanently enjoin the Defendant, and its parents, subsidiaries, affiliates, successors and assigns, and each of its officers, directors, employees, representatives, agents, and attorneys, and all persons acting in concert or active participation with, or on its behalf, or within its control, from making, using, selling, offering to sell, importing, or advertising products and/or services and/or employing systems, hardware, software and/or components and/or making use of systems or processes that infringe any of the claims of the Asserted Patents, or otherwise engaging in acts of infringement of the Asserted Patents, all as alleged herein;

D. That this Court order an accounting, including a post-verdict accounting, to determine the damages to be awarded to Plaintiff as a result of the Defendant’s infringement;

E. That this Court, pursuant to 35 U.S.C. § 284, enter an award to Plaintiff of such damages as it shall prove at trial against the Defendant that is adequate to compensate Plaintiff for said infringement, said damages to be no less than a reasonable royalty together with interest and costs;

F. That this Court assess pre-judgment and post-judgment interest and costs against the Defendant, together with an award of such interest and costs, in accordance with 35 U.S.C. § 284;

G. That this Court declare this case to be exceptional and direct Defendant to pay GPH’s attorneys’ fees incurred in connection with this lawsuit pursuant to 35 U.S.C. § 285;

H. Grant to Plaintiff such other, further, and different relief as may be just

and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury of all matters to which it is entitled to trial by jury pursuant to FED. R. CIV. P. 38.

Dated: November 23, 2011

/s/ *Edmond D. Johnson*
Edmond D. Johnson (Del. Bar No. 2257)

PEPPER HAMILTON LLP
Hercules Plaza, Suite 5100
1313 N. Market Street
P.O. Box 1709
Wilmington, DE 19899-1709
Telephone: (302) 777-6500
Facsimile: (302) 421-8390

*Attorneys for Plaintiff, Graphics Properties Holdings, Inc.*